UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HANCOCK WHITNEY BANK,         )<br>     Plaintiff                              )<br>                                           )<br>v.                                         )     CASE NO. 4:22-cv-00698<br>                                           )<br>ROBERT HORRY SPORT AND REHAB )<br>CENTER, LLC, KEGIS SMITH,      )<br>and THE MIR GROUP, INC             )<br>     Defendants                          ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Hancock Whitney Bank ("Lender" or "HWB") submits this Original Complaint against Defendants Robert Horry Sport and Rehab Center, LLC ("RHS"), Kegis Smith ("Smith"), and The MIR Group, Inc. ("MIR"), and in support thereof states as follows:

### I.   Introduction

1. This is a simple breach of contract action in which Defendant RHS has failed to make agreed payment to HWB pursuant to the terms of a Promissory Note dated September 27, 2021 in the original principal amount of $400,000.00 (a true and correct copy of what is hereinafter referred to as the "Note" is attached hereto as Exhibit 1 and incorporated herein by reference), which Note matured by its terms on November 27, 2021.

2. In addition, RHS has failed to pay its credit card debt owed to HWB.

3. Defendants Smith and MIR are guarantors of the debt owed by RHS to HWB pursuant to the terms of Commercial Guaranties dated September 27, 2021 (true and correct copies of the Commercial Guaranties made by Smith and MIR are attached hereto as Exhibits 2 and 3, respectively, and are incorporated herein by reference). Smith and MIR have likewise failed to make payment to HWB as expressly agreed.

1

## II.     Parties

4.     Plaintiff HWB is a Mississippi State chartered bank with its principal office in Gulfport, Mississippi.

5.     Defendant RHS is a Texas limited liability company with its principal office in Houston, Texas.  RHS' members (Smith and Anastasi Patoka, based on a review of RHS' records on file with the Texas Secretary of State's office) are residents of Harris County, Texas, making RHS a citizen of Texas.  RHS currently does not have on file a registered agent for service of process and so may be served with process through its manager/director/member Kegis Smith at 1617 Sage, Houston, TX 77009, or wherever he may be found.

6.     Defendant Smith is a citizen of Texas and may be served with process at his home at 1617 Sage, Houston, TX 77009, or wherever he may be found.

7.     Defendant MIR is a Texas corporation with its principal office in Houston, Texas and may be served with process by serving its registered agent, Kegis Smith, at 1617 Sage, Houston, TX 77009, or wherever he may be found.

## III.     Jurisdiction and Venue

8.     This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1332(a)(1) based upon diversity of citizenship.  This controversy involves a dispute between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this District, and a substantial part of the events or omissions giving rise to the claims occurred in Texas.

## IV.     Factual Background

10.     In March 2019, for value received, RHS executed a Promissory Note in favor of HWB.

The maturity date of that Promissory Note was March 27, 2021.

11. RHS failed to repay the March 2019 Promissory Note by the March 2021 maturity date; and thereafter, RHS executed a series of renewal promissory notes evidencing the debt owed to HWB.

12. Finally, RHS executed the September 27, 2021 Note that is the basis of this Complaint. In conjunction with the execution of the Note, RHS, Smith and MIR executed a Notice of Final Agreement whereby they acknowledged the other loan documents that they had executed in conjunction with the Note, stating that "the written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties." (a true and correct copy of the Notice of Final Agreement is attached hereto as Exhibit 4 and incorporated herein by reference).

13. Pursuant to the terms of the Note, RHS "promise[d] to pay to [Lender], or order, in lawful money of the United States of America, the principal amount of Four Hundred Thousand & 00/100 Dollars ($400,000.00) or so much as may be outstanding, together with interest on the unpaid outstanding principal balance of each advance." (Exhibit 1 at p.1)

14. In addition, pursuant to the terms of the Note, RHS agreed to pay a 5.0% late charge for payments missed by 10 days or more (*see* Exhibit 1 at p.1) and agreed to "pay Lender's reasonable attorneys' fees" if HWB hired an attorney "to help collect this Note…." (Exhibit 1 pp.1&2).

15. The Note matured by its terms on November 27, 2021. (S*ee* Exhibit 1 at p.1).

16. As of the date of the filing of this Complaint, RHS has not paid the amounts owed under the Note.

17. As of the date of the filing of this suit on March 4, 2022, there is an outstanding principal balance due and owing on the Note of $399,567.22.

18. As of the filing of this lawsuit on March 4, 2022, there is accrued and unpaid interest on the Note of $14,742.36.[1]

19. In addition to the debt owed by RHS under the Note, on April 1, 2019, RHS applied for and subsequently opened a HWB Visa Business Credit Card Account (the "CCA"; a true and correct copy of the CCA Application and CCA Agreement are attached hereto as Exhibit 5 and incorporated herein by reference).

20. Pursuant to the terms of the CCA Application, RHS agreed to "assume[] full liability for all indebtedness incurred by card holder…." (Exhibit 5 at p.1).

21. As of the filing of this lawsuit on March 4, 2022, there is an outstanding balance owed by RHS on the CCA of $24,790.36, including a principal purchase balance of $24,416.38 plus late charges and interest accruing at the rate of 11.5% per year (a true and correct copy of RHS' February 28, 2022 CCA statement is attached hereto as Exhibit 6 and incorporated herein by reference).

22. In conjunction with the signing of the Note, Smith and MIR each executed a Commercial Guaranty ("Guaranty") by which, "For good and valuable consideration, Guarantor absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender …." (Exhibits 2 and 3 at p.1).

23. The term "Indebtedness" as used in each Guaranty "means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, Lender's reasonable attorneys' fees, arising from any and all debts, liabilities and obligations of every nature or form,

---

[1] As of February 19, 2022, in accordance with the terms of the Note and the final demand sent to RHS dated February 4, 2022, interest on the Note is now accruing at the post maturity rate of 18.0% per annum ($199.78361 per diem).

now existing or hereafter arising or acquired, that Borrower [RHS] individually or collectively or interchangeably with others, owes or will owe Lender." (Exhibits 2 and 3 at p.1).

24. In addition, pursuant to the terms of the CCA Application, Smith and MIR granted a "Continuing Guaranty to Bank, its successors, transferees, and assignees, for payment in full, together with all interest, attorney's fees, and all other fees and charges of whatsoever nature and kind, of any indebtedness, direct or contingent, of Applicant to Bank…." (Exhibit 5 at p.2).

25. Via letter dated February 4, 2022, HWB renewed demand on Defendants for the payment of the outstanding debt due under the Note and the CCA and pursuant to the terms of the Guaranties. Nevertheless, as of the filing of this lawsuit, Defendants have failed to make payment to HWB as required by their contractual agreements.

26. All conditions precedent to the filing of this Complaint and the recovery of the damages requested herein have occurred or have been performed.

## V. Claims

27. HWB refers to and incorporates the allegations of the preceding paragraphs as though fully set forth herein.

**A. Breach of Contracts Against RHS**

28. The Note and CCA Application executed by RHS constitute valid, enforceable contracts between HWB and RHS.

29. HWB loaned/advanced substantial sums of money to RHS, but RHS has failed to repay the debt owed to HWB as contractually agreed, despite demand having been made on RHS.

30. RHS' failure to pay the amounts due and owing to HWB under the Note and the CCA constitute breaches of the Note and CCA Application and has caused significant financial injury to HWB.

### B. Breach of Contracts Against Smith

31. The Commercial Guaranty executed by Smith, as well as the Continuing Guaranty executed as part of the CCA Application, constitute valid, enforceable contracts between HWB and Smith.

32. Despite demand having been made for payment of the funds loaned/advanced by HWB to RHS pursuant to the Note and the CCA that are now due and outstanding, Smith has failed to make payment to HWB as agreed.

33. Smith's failure to pay the amounts due and owing to HWB under the Note and the CCA and pursuant to the Commercial Guaranty and CCA Application constitute breaches of the Commercial Guaranty and CCA Application and has caused significant financial injury to HWB.

### C. Breach of Contract Against MIR

34. The Commercial Guaranty executed by MIR, as well as the Continuing Guaranty executed as part of the CCA Application, constitute valid, enforceable contracts between HWB and MIR.

35. Despite demand having been made for payment of the funds loaned/advanced by HWB to RHS that are now due and outstanding, MIR has failed to make payment to HWB as agreed.

36. MIR's failure to pay the amounts due and owing to HWB under the Note and the CCA and pursuant to the Commercial Guaranty and CCA Application constitute breaches of the Commercial Guaranty and CCA Application and has caused significant financial injury to HWB.

### D. Attorney's Fees Against RHS, Smith, and MIR

37. Because of Defendants' failures to pay the amounts due and owing under the Note and the CCA, and in turn pursuant to the Guaranties executed by Smith and MIR, HWB has found it necessary to retain legal counsel in order to seek to enforce the terms of those contracts.

38.     As set forth above, pursuant to the express terms of the Note, the Guaranties, and the CCA Application, Defendants are obligated to pay HWB's "reasonable attorneys' fees" and other collection costs. (Exhibit 1 at p.1; *see also* Exhibits 2 and 3 at p. 2; *see also* Exhibit 5 at pp. 1 and 2).

39.     In addition, pursuant to TEX. CIV. PRAC. & REM. CODE §38.001, *et. seq.*, HWB is entitled to recover its reasonable attorney's fees and other legal expenses from Defendants.

## VI.     Prayer for Relief

40.     Plaintiff Hancock Whitney Bank respectfully prays that Defendants Robert Horry Sport and Rehab Center, LLC, Kegis Smith, and The MIR Group, Inc be cited to appear and answer herein, and that final judgment be entered in favor of HWB and against RHS, Smith, and MIR as follows:

   a.   for the entire unpaid principal balance owing on the Note, together with all accrued, unpaid interest thereon until the time of judgment;

   b.   for all outstanding fees and other charges due and owing under the terms of the Note and the Commercial Guaranties;

   c.   for all amounts owing pursuant to the CCA Application and Agreement;

   d.   for the reasonable attorney's fees and costs incurred by HWB in enforcing the Note, the CCA and the Commercial Guaranties;

   e.   for post-judgment interest on the foregoing awards at the maximum rate allowed by law and pursuant to the Note; and

   f.   for such other and further relief, at law or in equity, to which HWB may show itself justly entitled.

                    Respectfully submitted,

                    /s/ Neale Shields
                    Neale Shields
                    **Attorney-In-Charge for**
                    **Plaintiff Hancock Whitney Bank**
                    State Bar No. 24013499
                    Fed Bar No. 25383
                    Law Office of Neale Shields
                    P.O. Box 397
                    New Summerfield, Texas 75780
                    Telephone:  (713) 504-4182
                    Email:  harv99atty@att.net

Dated:   3-4-2022